UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALGERNON CALDWELL, JR.,

                Plaintiff,

v.                                                    Case No. 22-cv-678-pp

CO GARY HOFFMAN, SGT. MATUSHAK,
SGT. WYKER, SGT. COMO,
and JOHN DOES,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**

        Algernon Caldwell, Jr., who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his religious rights under the First and Fourteenth Amendments and federal law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1 and dismisses the cases for failure to state a claim.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

        The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds

exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On June 17, 2022, the court ordered the plaintiff to pay an initial partial filing fee of $90.03. Dkt. No. 6. The court received that fee on June 28, 2022. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The complaint alleges that the plaintiff identifies as a Muslim and has been a follower of Islam since he was sixteen years old. Dkt. No. 1 at ¶2. One of the "five pillars of Islam" is fasting from dawn to sunset during Ramadan, which is celebrated during the ninth month of the Islamic calendar. Id. at ¶¶3–4. The plaintiff alleges that at Green Bay, the chapel informs housing unit sergeants of the incarcerated persons who will be participating in the fast and

what time they will need their meals (2:30 a.m. and 7:30 p.m.). Id. at ¶¶5–6. The plaintiff says that the morning meal "is the most important meal" because after that meal, he cannot eat or drink again until sunset, twelve to fourteen hours later. Id. at ¶7.

The plaintiff says he participated in the Ramadan fast in April and May 2021,[1] when he was in the Restricted Housing Unit (RHU) at Green Bay. Id. at ¶¶8–9, 11-12. He alleges that Correctional Officer Gary Hoffman and other unknown officers and sergeants were in charge of making sure he received his meal before dawn. Id. at ¶10. He alleges that on May 5 and 6, 2021, the unknown officers and sergeants did not provide him a morning meal. Id. at ¶¶12–13. At around 3:00 a.m. on May 7, 2021, the plaintiff told officers that he had not received his morning meal, and Hoffman brought it for him at around 5:30 a.m. (which the plaintiff asserts was after dawn). Id. at ¶14. On May 8, 2021, at about 3:00 a.m., the plaintiff tried to tell officers that he had not received his meal; Hoffman brought him his meal at around 6:00 a.m. (again, the plaintiff says, after dawn). Id. at ¶15. The plaintiff clarifies in a supplement to his complaint that Sergeants Matushak, Wyker and Como oversaw the RHU in May 2021 and did not provide a morning meal between May 5 and 8, 2021. Dkt. No. 9 at ¶¶2–3. He alleges he had to "violate his religious belief and break his fast" on those dates. Id. at ¶4.

---

[1] In 2021, Ramadan began around April 13 and ended on May 12. https://www.islamicfinder.org/special-islamic-days/ramadan-2021/.

The plaintiff says that another incarcerated person, Victor Drake, has signed a declaration averring that he heard the plaintiff tell officers on May 6 through 8, 2021 that that the plaintiff had not received his morning meal. Dkt. No. 1 at ¶16. (The plaintiff did not attach Drake's statement to his complaint or file it separately.) The plaintiff alleges that on May 8, 2021, he spoke with Sergeant Koeller (not a defendant) about his missed meals, and Koeller agreed "that officers were violating his rights" and "would also testify to this if [the plaintiff] were to file a lawsuit." Id. at ¶17. The plaintiff says he filed an institutional complaint about the missed meals, and Green Bay's administrative office affirmed his complaint and appeal. Id. at ¶¶22–24.

The plaintiff alleges that the officers who did not bring him his morning meal "caused a substantial burden[]" to his free exercise of his religion. Id. at ¶18. He asserts claims under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Id. at ¶19. He seeks declaratory judgment that the defendants violated his rights and nominal and punitive damages totaling $105,000. Id. at 5.

C. Analysis

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. The First Amendment is applicable to the states through the Fourteenth Amendment. Cantwell v. Connecticut, 310 U.S. 296, 303 (1940). Incarcerated persons "clearly retain protections afforded by the First Amendment," including a limited right to freely exercise their religion. See

O'Lone v. Shabazz, 482 U.S. 342, 348 (1987) (quotation omitted); Tarpley v. Allen Cty., 312 F.3d 895, 898 (7th Cir. 2002). To proceed under the Free Exercise Clause, the plaintiff must show that prison officials "intentionally and substantially interfere[d] with [his] ability to practice his faith" and that the prison's restriction was not "reasonably related to a legitimate penological interest." Garner v. Muenchow, 715 F. App'x 533, 536 (7th Cir. 2017) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).

The Seventh Circuit has held that intentionally forcing an incarcerated person "to choose between foregoing adequate nutrition or violating a central tenant of his religion" creates a substantial burden on that inmate's free exercise of his religion. Thompson v. Holm, 809 F.3d 376, 380 (7th Cir. 2016) (holding that incarcerated person who did not receive a "proper meal for 55 hours" during Ramadan stated a First Amendment free-exercise claim); see also Crouch v. Wooley, No. 15-CV-01372-NJR, 2016 WL 192650, at *2 (S.D. Ill. Jan. 15, 2016) (finding that "the deprivation of post-sunset meals [for] sixteen days" during Ramadan "satisfies the 'substantial burden' requirement for screening purposes"). The plaintiff alleges that he was without morning meals on two occasions, each of which left him without a meal for twelve to fourteen hours, until he was provided his night meal. He alleges that on the two subsequent mornings, he was provided a meal only after requesting one and did not receive it until after dawn, when it would violate his religious beliefs to eat those meals. These allegations state a claim that the plaintiff's free exercise rights were burdened. See Thompson v. Holm, 809 F.3d at 380.

6

But the complaint fails to state a claim for a different reason—the allegations fail to "show that the defendants 'intended to prevent [the plaintiff] from practicing' his religion." Ali v. Eckstein, No. 16-CV-1518-JPS, 2018 WL 1307958, at *4 (E.D. Wis. Mar. 13, 2018) (quoting Garner, 715 F. App'x at 536). The plaintiff alleges that on two occasions, he did not receive his morning meal, but he does not allege that on those two mornings he told any officer about the missing meal. He does not allege that he did not receive an evening meal. The next two days, the plaintiff again did not receive his morning meal. This time he told officers he had not received the meal. Once he did, Officer Hoffman brought the plaintiff his missing meal, albeit after dawn. The plaintiff does not allege that Hoffman intentionally brought him his morning meal after dawn, that any officer or sergeant refused to bring him a morning meal or that Green Bay has a policy or custom of not bringing morning meals to fasting inmates before dawn.

The most reasonable inference from the plaintiff's allegations is not that the defendant officers *intentionally refused* to bring the plaintiff his morning meal on these four occasions. The most reasonable inference is that the officers *forgot* to bring the plaintiff his morning meal. Once the plaintiff notified staff of his missing meal, an officer rectified the situation by bringing the plaintiff his morning meal. The officers did not ignore the plaintiff's request and steadfastly refuse to provide him a meal bag. Compare Garner, 715 F. App'x at 536–37 (reasonable jury could find that prison staff "willfully deprived" incarcerated person of exercising his religion for three months by not providing him a

catalog from which he could order religious items). The plaintiff also has not alleged that the problem occurred in the twenty-three or so days before May 5, 2021 or persisted on the four days after May 8, 2021. The plaintiff should not have had to go hungry on two occasions or be faced with the choice of going hungry or violating his religious beliefs on two occasions during Ramadan in 2021. But without more, prison staff's failure on four occasions to bring the plaintiff his morning meal before dawn shows, at most, negligence. Negligence is insufficient to state a claim under §1983. See Ali, 2018 WL 1307958, at *5 (citing Daniels v. Williams, 474 U.S. 327, 328 (1986)).

The plaintiff alleges that administrative staff affirmed his administrative grievance about his missing morning meals. That makes sense if, as he alleges, that meal was not brought to him on four occasions. But again, the allegations suggest only that some staff *forgot* to bring the plaintiff his meals, not that any officer *intentionally denied* the plaintiff meal bags. Even if the plaintiff's allegations were enough to affirm that staff did not follow institutional rules, a violation of institution rules, standing alone, does not equal a violation of constitutional rights. See Pulera v. Sarzant, 966 F.3d 540, 551 (7th Cir. 2020); Estate of Simpson v. Gorbett, 863 F.3d 740, 746 (7th Cir. 2017).

The plaintiff also asserts that officers violated his Fourteenth Amendment right to equal protection by not providing his morning meal bags. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, §1. The Equal Protection Clause protects

8
Case 2:22-cv-00678-PP   Filed 10/27/22   Page 8 of 13   Document 10

against arbitrary discrimination "unrelated to the character of the activity allegedly discriminated against." Reed v. Faulkner, 842 F.2d 960, 962 (7th Cir. 1988). Incarcerated persons "are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on" a host of factors, including their religious beliefs. Lisle v. Welborn, 933 F.3d 705, 719 (7th Cir. 2019) (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). To state a claim under the Equal Protection Clause, an incarcerated person must allege that the "defendants intentionally treated him differently because of his . . . religion[] or other proscribed factor." Id. at 719–20 (citing Ortiz v. Werner Enter., Inc., 834 F.3d 760 (7th Cir. 2016)). The plaintiff must show that 1) similarly situated incarcerated persons have been treated differently by the government and 2) there is no rational relationship between the dissimilar treatment and any legitimate penal interest. See May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000) (citing Hudson v. Palmer, 468 U.S. 517, 523 (1984); and Williams v. Lane, 851 F.2d 867, 881–82 (7th Cir. 1988)).

The plaintiff's allegations do not satisfy this standard. As noted, he alleges that on four occasions during Ramada, officers did not bring him his morning meal or did not bring it until he asked and then only after dawn. He does not allege that staff did this intentionally or invidiously because of his religious beliefs. Nor has the plaintiff alleged that the officers treated him differently than any similarly situated incarcerated person. See Gill v. Aramark Corr. Servs., No. 18-CV-540-PP, 2018 WL 4233011, at *4 (E.D. Wis. Sept. 5, 2018) (citing Cardenas v. Washington, 12 F. App'x 410, 412 (7th Cir. 2001)).

9

The complaint does not state an equal protection claim under the Fourteenth Amendment.

The plaintiff also fails to state a viable claim under RLUIPA. RLUIPA "provides that a federally funded prison may not 'impose a substantial burden on the religious exercise' of an inmate unless it can prove that doing so is the least restrictive means of furthering [a] compelling governmental interest.'" West v. Radtke, 48 F.4th 836, 844 (7th Cir. 2022) (citing 42 U.S.C. §2000cc-1(a). An incarcerated person whose religious exercise has been burdened in violation of RLUIPA "may sue for injunctive or declaratory relief." Id. (citing Charles v. Berhagen, 348 F.3d 601, 606 (7th Cir. 2003)). But relief under RLUIPA is not available against individual public employees like the officers the plaintiff sues about his morning meals. The statute permits relief only against "governmental bodies that receive federal funds and accept the conditions attached by the statute." See Vinning-El v. Evans, 657 F.3d 591, 592 (7th Cir. 2011). See also, Grayson v. Schuler, 666 F.3d 450, 451 (7th Cir. 2012) (RLUIPA claims against individual prison employees in their official capacities are barred by sovereign immunity and claims against employees in their personal capacities are barred because "[RLUIPA] does not create a cause of action against state employees in their personal capacity"). The plaintiff has not named as a defendant a governmental body receiving federal funds under the conditions attached by RLUIPA.

Even if the plaintiff had asserted his RLUIPA claim against an appropriate defendant, he has not stated a *prima facie* case of a violation of

10
Case 2:22-cv-00678-PP   Filed 10/27/22   Page 10 of 13   Document 10

RLUIPA. "A plaintiff raising a RLUIPA claim bears the initial burden to make a prima facie case that a prison practice substantially burdens his sincere religious exercise." West, 48 F.4th at 844 (citing Holt v. Hobbs, 574 U.S. 352, 360-61 2015)). The plaintiff has not alleged that the missed meals that burdened his religious exercise were the result of a "prison practice." The plaintiff seeks money damages, but "money damages are not available in suits against states under the RLUIPA . . . ." Vinning-El, 657 F.3d at 592 (citing citing Sossamon v. Texas, 563 U.S. 277 (2011)). And although injunctive relief is available under RLUIPA, the plaintiff has not alleged an ongoing violation of his rights. That means there is no conduct to enjoin, and declaratory relief is not proper. See Kress v. CCA of Tenn., LLC, 694 F.3d 890, 894 (7th Cir. 2012) (citing Green v. Mansour, 474 U.S. 64, 73 (1985)) ("[U]nder § 1983, declaratory or injunctive relief is only proper if there is a continuing violation of federal law.").

The complaint fails to state a claim for relief under the First or Fourteenth Amendment or under RLUIPA. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so if it is "certain" the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)); Boyd v. Bellin, 835 F. App'x 886, 889 (7th Cir. 2021). The plaintiff's complaint is thorough in its recitation of the facts surrounding his claims, so the court concludes that amendment would be futile.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$259.97** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of

judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 27th day of October, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

13
Case 2:22-cv-00678-PP   Filed 10/27/22   Page 13 of 13   Document 10